UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60273-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PETER ROUSSONICOLOS,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS

This matter is before the undersigned following a referral from Judge Kathleen M. Williams for a report and recommendation on the Motion to Dismiss Counts 8-11 (ECF No. 99) and the Motion to Dismiss Counts 2 & 8 as Multiplicitous (ECF No. 101) that were filed by Defendant Peter Roussonicolos (the "Defendant"). *See* ECF No. 210. For the reasons set forth below, I recommend that the Defendant's motions to dismiss be denied.

**I.    Standards Governing Motions to Dismiss**

When ruling on a motion to dismiss an indictment, a court may not look beyond the face of the indictment and in effect grant summary judgment to a defendant. *E.g.*, *United States v. Salman*, 378 F.3d 1266, 1267 (11th Cir. 2004). Indeed, the Eleventh Circuit has explained:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

*United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *see also, e.g.*, *Salman*, 378 F.3d at 1268.

**II.    The Motion to Dismiss Counts 8-11 (The Kickback Counts)**

The Defendant argues that Counts 8 through 11 of the indictment against him should be

dismissed because those counts fail to charge violations of 42 U.S.C. § 1320a-7b(b)(2)(A). ECF No. 99.

Section 1320a-7b(b)(2)(A), the statute under which the Defendant has been charged, provides:

> Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person—
>
> > (A) to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, . . .
>
> . . .
>
> shall be guilty of a felony and upon conviction thereof, shall be fined not more than $100,000 or imprisoned for not more than 10 years, or both.

42 U.S.C. § 1320a-7b(b)(2)(A).

Here, Count 8 of the indictment charges the Defendant with conspiracy "to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, to a person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare." ECF No. 1 at 16-17. Counts 9 through 11, in turn, charge that the Defendant violated 42 U.S.C. § 1320a-7b(b)(2)(A) when he "did knowingly and willfully offer and pay any remuneration, that is, kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, [on three specified occasions] to a person, to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare." ECF No. 1 at

2

20.

An "indictment is sufficient if it charges in the language of the statute," *Critzer*, 951 F.2d at 307, and Counts 8 through 11 track and use the language of § 1320a-7b(b)(2)(A) when charging the Defendant. Accordingly, the indictment sufficiently charges the Defendant with conspiring to violate § 1320a-7b(b)(2)(A) and with violating § 1320a-7b(b)(2)(A).

The Defendant, however, argues that § 1320a-7b(b)(2)(A) does not criminalize a payment for the referral of an individual for items or services if the items or services are medically unnecessary or if the individual is ineligible for coverage under Medicare. ECF No. 99 at 2-3. The Defendant further contends that "Counts 8-11 charge that [he], in concert with others, paid kickbacks to LPI Media for the referral of Medicare beneficiaries, including *individuals not eligible for health care benefits*, and doctor's orders." ECF No. 99 at 2 (emphasis in Defendant's motion). The Defendant additionally maintains that Counts 8 through 11 charge that the Medicare beneficiaries, "including *individuals not eligible for health care benefits*, were supplied *medically unnecessary* DME products." *Id.* (emphasis in Defendant's motion).

As an initial matter, dismissal is not warranted based on the Defendant's arguments that Counts 8 through 11 fail to state an offense because the kickbacks that are the subject of those counts supposedly involved—in Defendant's words—referrals of "Medicare beneficiaries, including individuals not eligible for health care benefits." *Id.* Indeed, the Defendant's own characterization of the indictment is that Counts 8 through 11 involve the referral of Medicare beneficiaries, that is, persons who are eligible for benefits under Medicare. Yet, even if some of the referrals for which the Defendant is alleged to have paid kickbacks and bribes also involved some "individuals not eligible for health care benefits," that does not establish that Counts 8 through 11 fail to state offenses. *Cf. United States v. McClatchey*, 217 F.3d 823, 835 (10th Cir. 2000) (holding that "a person who offers or pays remuneration to another person violates the [Anti-

Kickback Statute] so long as one purpose of the offer or payment is to induce Medicare or Medicaid patient referrals"); *United States v. Rankin*, 825 F. Supp. 2d 761, 768 (S.D. Miss. 2011) ("[T]he fact that Congress used a generic term, 'an individual,' and further did not purport to require that 'an individual' actually be eligible to receive benefits from a Federal health care program, instead providing only that 'payment may be made in whole or in part from a Federal health care program,' demonstrates that the identity of 'an individual' is not central to the criminality of this statute.").

Dismissal of Counts 8 through 11 is also not merited on the grounds that those counts purportedly involve medically unnecessary services that were not eligible for payment. First, Counts 8 through 11 do not state that the items or services that are the subject of those counts were medically unnecessary. ECF No. 1 at 16-20. Indeed, those counts are silent as to whether the items or services that are the subject of the charged kickbacks and referrals were or were not medically necessary.[1] *Id.*

More importantly, for the payment of a kickback to violate § 1320a-7b(b), there is no requirement that the underlying service or item be medically necessary. *United States v. Eggleston*, 823 F. App'x 340, 344 (6th Cir. 2020) ("The crime at issue makes no distinction

---

[1] As the government has acknowledged, "other counts of the Indictment allege that much of the DME was, in fact, medically unnecessary." ECF No. 103 at 4; *see* ECF No. 1 at 10. Furthermore, in its response to the Defendant's motion to dismiss, the government has "submit[ted] that the evidence at trial will show that Defendant's durable medical equipment ('DME') operations were scams from top to bottom . . . and the patients did not need the braces for which the Defendant's companies billed Medicare over $61 million." ECF No. 103 at 2. At the same time, the Defendant has not conceded that the braces were medically unnecessary, and the government has acknowledged that it could potentially "fail[] to prove that the[] braces were medically unnecessary." ECF No. 103 at 2. Given these circumstances, for the Court to conclude, as the Defendant suggests, that Counts 8 through 11 involve nothing but kickbacks for the referrals of medically unnecessary items and services would require the Court to go beyond the face of the indictment, assess the evidence and resolve factual issues, and convert the Defendant's motion to dismiss into a motion for summary judgment. Such action is inappropriate on a motion to dismiss. *See, e.g.*, *Salman*, 378 F.3d at 1267.

between kickbacks earned from medically necessary services and those earned from unnecessary ones.") (addressing 42 U.S.C. § 1320a-7b(b)(1)(A)); *see also United States v. Moran*, 778 F.3d 942, 964 (11th Cir. 2015) ("Even if a patient was eligible for PHP treatment and actually received covered medical treatment, it was still illegal for the [co-conspirators] to conspire to pay recruiters for patient referrals and for those recruiters to receive payments."). Indeed, § 1320a-7b(b) says nothing whatsoever about whether a service or item is medically necessary. Rather, the pertinent language of § 1320a-7b(b)(2)(A), like the language of § 1320a-7b(b)(1)(A)), requires only that a referral be "for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program." 42 U.S.C. § 1320a-7b(b). That language, especially when examined in the context of the remaining language in the statutory provision, reveals that whether an item or service is an "item or service for which payment may be made in whole or in part under a Federal health care program" is a question that is not tied to or dependent on the particular characteristics, circumstances, or medical needs of the referred individual. Rather, whether an item or service is an "item or service for which payment may be made in whole or in part under a Federal health care program" depends on whether it is the type or kind of item or service that is covered by the pertinent Federal health care program and for which the program pays. For example, while an orthotic device like a brace qualifies as an "item or service for which payment may be made in whole or in part" under Medicare, *see* ECF No. 1 at 2, 42 C.F.R. § 414.228, other items and services, for example, hearing aids, eyeglasses for impaired vision, and most immunizations, are not, *see* 42 C.F.R. § 411.15(b), (d), (e).

   The Eleventh Circuit, moreover, has previously affirmed convictions under § 1320a-7b(b) where the evidence established that the charged kickbacks were for referrals for medically unnecessary items or services. *See, e.g.*, *United States v. Moran*, 778 F.3d 942, 951-52, 962 (11th Cir. 2015) (affirming convictions for paying kickbacks in violation of § 1320a-7b(b)(2)(A) and for

5

conspiring to pay kickbacks where patients "were, for the most part, not eligible" for treatment); *United States v. Moreira*, 605 F. App'x 852, 855, 858 (11th Cir. 2015) (affirming convictions for paying kickbacks in violation of § 1320a-7b(b)(2)(A) and for conspiring to pay kickbacks where individuals referred for home health services were ineligible for the services because they "were not homebound and did not need therapy").

Here, a review of the face of the indictment establishes that the kickbacks and bribes charged in Counts 8 through 11 were for referrals of individuals "for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare." ECF No. 1 at 20; *see also id.* at 16-17. Count 8 further alleges that at least some of the kickbacks were for referrals for braces, ECF No. 1 at 17-19, which are covered by Medicare Part B, *id.* at 2.

Because a review of the face of the indictment establishes that Counts 8 through 11 properly charge the Defendant with conspiracy to violate 42 U.S.C. § 1320a-7b(b)(2)(A) and with three substantive violations of 42 U.S.C. § 1320a-7b(b)(2)(A), the undersigned recommends that the Defendant's motion to dismiss Counts 8 through 11 be DENIED.

**III.    The Motion to Dismiss Counts 2 & 8 as Multiplicitous**

The Defendant also argues that Count 2 of the indictment must be dismissed as multiplicitous because, he argues, Counts 2 and 8 charge a "single, overarching dual objective conspiracy—not two distinct conspiracies"—and the "conduct alleged in Count 2 is subsumed by Count 8, which began before Count 2 and continued after Count 8." ECF No. 103 at 1, 3.

Here, Counts 2 and 8 each charge a violation of the general conspiracy statue, 18 U.S.C. § 371. Count 2 charges a § 371 conspiracy in which the Defendant, co-defendant Kevin McGoey, "Individual 1," and others conspired from February 2019 through June 2020 to defraud the United States in its administration of Medicare by, *inter alia*, falsifying Medicare enrollment forms, bank

records, corporate records, and other documents; concealing the true ownership of Med Braces and Supplies LLC through representations that co-defendant McGoey, the company's nominee owner, was the company's sole owner; and submitting false and fraudulent claims to Medicare through Med Braces and Supplies LLC.  ECF No. 1 at 11-13.  Count 8, on the other hand, charges a § 371 conspiracy in which the Defendant, "Individual 1," and others conspired from April 2018 through November 2020 to violate 42 U.S.C. § 1320a-7b(b)(2)(A) by offering and paying kickbacks and bribes for the referral of beneficiaries and doctors' orders for braces to Merchant Card Solutions LLC (d/b/a Med Brace Shop), Med Braces and Supplies LLC, A to Z Med Braces and Supplies Inc., Gemini Health & Wellness LLC, and Med2You Supplies, Inc.; submitting claims to Medicare through those companies for Medicare beneficiaries and doctors' orders obtained through kickbacks and bribes; and concealing the kickbacks and bribes.  ECF No. 1 at 16-19.

"Multiplicity is the charging of a single offense in more than one count."  *United States v. De La Torre*, 634 F.2d 792, 794 (5th Cir. 1981).  When analyzing whether conspiracies charged in an indictment are multiplicitous, the Eleventh Circuit has stated:

> Generally, the test for determining whether an indictment is multiplicitous is that set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):  Whether each provision requires proof of an additional fact which the other does not.  When the charges alleged to be multiplicitous are overlapping or similar *conspiracies*, however, the issue is more complex, and depends primarily upon whether the separate conspiracies alleged are each based upon a general federal conspiracy statute, such as § 371, or instead are based on separate provisions outlawing specific types of conspiracies.

*Ward v. United States*, 694 F.2d 654, 661 (11th Cir. 1983); *see also United States v. Anderson*, 872 F.2d 1508, 1520 (11th Cir. 1989).  Furthermore, when, as here, the indictment charges two conspiracies that both allegedly violate § 371, "the relevant inquiry is whether there existed more than one *agreement* to perform some illegal act or acts."  *Ward*, 694 F.2d at 661; *Anderson*, 872

F.2d at 1520. "This is true even when the illegal acts supporting each conspiracy alleged are themselves violations of different *substantive* provisions of the criminal code." *Ward*, 694 F.2d at 661.

A review of the face of the indictment in this case reveals that Count 2 and Count 8 charge separate and distinct conspiracies based on two separate agreements. Count 2 is based on an agreement among the Defendant, co-defendant McGoey, "Individual 1," and others to defraud the Medicare program by falsifying records and concealing the true ownership of Med Braces and Supplies LLC and submitting false and fraudulent claims to Medicare through Med Braces and Supplies LLC. ECF No. 1 at 11-13. Count 8, on the other hand, is based on an agreement among the Defendant, "Individual 1," and others to offer and pay kickbacks and bribes for the referral of beneficiaries and doctors' orders for braces to a variety of durable medical equipment companies. While both charged agreements have some overlap and involve the submissions of claims to Medicare, the agreement charged in Count 8, in which co-defendant McGoey is not a charged participant, does not involve any agreement among the participants to defraud the United States or Medicare through the submission of false or fraudulent claims,[2] and the agreement charged in Count 2 does not involve any agreement to offer or pay kickbacks or bribes for any referrals of patients or doctors' orders. *As charged in the indictment*, Count 2 and Count 8 thus involve separate and distinct agreements to commit legally and factually distinct crimes, and they are therefore not multiplicitous.

Of course, whether the government has actually charged the same offense in more than one count cannot ultimately be resolved until the presentation of the government's evidence at trial, for only then can the Court know for certain whether the conspiracies charged in Count 2 and

---

[2] Indeed, for purposes of Count 8, the "conduct (and even the submitted claims to Medicare) did not need to be fraudulent." *Moran*, 778 F.3d at 964.

8

Count 8 are truly distinct conspiracies. *See, e.g.*, *United States v. Worthon*, 315 F.3d 980, 983 (8th Cir. 2003) (recognizing that whether a multiplicity problem is presented "'may not be capable of assessment merely from the bare allegations of an information and may have to await the trial on the facts'") (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 225 (1952)); *United States v. Molinares*, 700 F.2d 647, 653 n.11 (11th Cir. 1983) (recognizing that multiplicity problems may not be apparent on the face of an indictment but may become apparent after the presentation of the government's case at trial and may thus require later consolidation or dismissal of counts). It is certainly possible that the evidence presented at trial will establish, as the Defendant contends, that the conspiracies charged in Counts 2 and 8 are really all part of, and subsumed by, one larger single conspiracy/agreement. That, however, is not what has been charged by the indictment in this case, and it would be unwarranted and premature to conclude on a pretrial motion to dismiss that the evidence at trial will establish something contrary to what has been charged by the indictment.

For these reasons, the undersigned recommends that the Defendant's motion to dismiss Count 2 as multiplicitous of Count 8 be DENIED.

**IV.    Conclusion**

For the reasons set forth above, the undersigned respectfully recommends that both the Defendant's Motion to Dismiss Counts 8-11 (ECF No. 99) and the Defendant's Motion to Dismiss Counts 2 & 8 as Multiplicitous (ECF No. 101) be **DENIED**.

The Defendant shall have **FOURTEEN (14) DAYS, that is, until January 16, 2024,** to serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Court Judge for the Southern District of Florida. Failure to file timely objections will waive a party's right to review and shall also constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions." *See* 11th Cir. R. 3-1; Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Holt*, 777 F.3d 1234, 1257-58 (11th Cir. 2015); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 2nd day of January, 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Kathleen M. Williams
    Counsel of record